Adrena WRIGHT, Alena Wright, and Alvina Wright, minors by their parent and natural guardian, Alethea WRIGHT, and Alethea Wright, in her own right, Plaintiffs,

v.

SHERWIN–WILLIAMS COMPANY, NL Industries, Inc., Eagle–Picher Industries, Inc., Atlantic Richfield Company, successor to International Smelting and Refining Company, SCM Corporation, successor to Glidden Company, and Lead Industries Association, Defendants.

Curtis L. THOMAS and Jewel Thomas, minors, by their parent and natural guardian, Joyce L. THOMAS, and Joyce L. Thomas, in her own right, Plaintiffs,

v.

SHERWIN–WILLIAMS COMPANY, NL Industries, Inc., Eagle–Picher Industries, Inc., Atlantic Richfield Company successor to International Smelting and Refining Company, SCM Corporation, successor to Glidden Company, and Lead Industries Association, Defendants.

Civ. A. Nos. 88–329, 88–330.

United States District Court, W.D. Pennsylvania.

March 20, 1989.

Thomas J. Cordaro, Pittsburgh, Pa., Robert C. Eddins, Upper St. Clair, Pa., for plaintiff.

John C. Unkovic, Reed Smith Shaw & McClay, Pittsburgh, Pa., John Walker, Kirkland Ellis, Washington, D.C., for defendant, NL Industries.

Carl A. Eck, Meyer Darragh, Pittsburgh, Pa., for defendant Sherwin Williams.

James R. Miller, Dickie, McCamey, Pittsburgh, Pa., for defendant Eagle–Picher Industries.

Frederick N. Egler, Pittsburgh, Pa., for defendant Atlantic–Richfield.

Mary Morrissey Sullivan, Rosales Rosales & Sullivan, Boston, Mass., for defendant Lead Industries.

Stanley V. Ostrow, Finkel, Lefkowitz, Pittsburgh, Pa., for defendant SCM Corp.

## OPINION

GERALD J. WEBER, District Judge.

Defendant Lead Industries Association filed a motion to dismiss asserting lack of in personam jurisdiction. Plaintiffs responded with a brief and supporting evidentiary material. Because we conclude that the proof submitted by plaintiffs satisfies both the Pa. Long Arm Statute, 42 Pa.C.S.A. § 5322 and due process considerations, defendant's motion will be denied.

Plaintiffs filed suit alleging that the minor children suffered injury as a result of exposure to lead products produced and sold by the various defendants, except Lead Industries Association. Lead Industries is a trade association with a membership comprised of various manufacturers and purveyors of lead products. The Association does not produce or sell any product. It is included in Count IV of the Complaints on the allegation that it and the other defendants purposely concealed the dangers of lead exposure, misled the public and failed to provide adequate warnings.

The Association filed a Motion to Dismiss with brief, contending that exercise of personal jurisdiction over it in this forum was improper under both the Pa. Long Arm Statute and constitutional due process considerations. The burden of establishing a basis for the exercise of personal jurisdiction is on the plaintiffs and mere allegations are insufficient. Evidentiary support is required. Plaintiffs have responded to defendant's motion with a brief and evidentiary materials.

The facts fairly adduced from the evidentiary material submitted can be summarized as follows. The Association began in 1928 as an unincorporated trade association and was incorporated in 1958 in New York. It has always had its headquarters in New York, N.Y. Between 5 to 10% of its membership is drawn from Pennsylvania, and in earlier years this percentage was higher. The Association's operating funds are drawn almost entirely from member's dues, and so a similar percentage of annual dues is drawn from Pennsylvania. Pennsylvania residents employed by Pennsylvania members have served on Association committees and other posts. Until recently the Association produced a trade magazine titled "Lead" which was distributed to members. The Association has also published pamphlets, monographs and test reports on issues concerning lead. These publications are available to members and to the general public upon request. The Association has also participated in several seminars and hearings held in Pennsylvania concerning the environmental impact of lead and in 1936 it became a member of a Pittsburgh based organization concerned with air quality. For several years the Association sponsored an educational program at Penn State University. On at least two occasions the Association took an active role either for or against items of legislation in Pennsylvania concerning lead exposure.

The Pa. Long Arm Statute, 42 Pa.C.S.A. § 5322(a)(1) permits the exercise of personal jurisdiction over a defendant when the claim arises from that defendant's transaction of business in Pennsylvania. Transacting business is further defined in pertinent part as:

(i) The doing by any person in this Commonwealth of a series of similar acts for the purpose of thereby realizing pecuniary benefit *or otherwise accomplishing an object.*

(ii) The doing of a single act in this Commonwealth for the purpose of thereby realizing pecuniary benefit *or otherwise accomplishing an object* with the intention of initiating a series of such acts.

(emphasis supplied). The Association is a non-profit organization so it has not acted in Pennsylvania for pecuniary benefits (although solicitation of members in Pennsylvania with resulting dues might be so construed) it certainly has acted in Pennsylvania to advance the interests of its members. Most importantly, it has appeared in Pennsylvania to be heard on at least 2 items of legislation concerning safe levels of lead exposure, the exact sort of matter which forms the basis of plaintiff's Count IV.

■ The Pa. Long Arm Statute also permits the assertion of personal jurisdiction when a defendant:

(3) Caus[es] harm or tortious injury by an act or omission in this Commonwealth.

(3) Caus[es] harm or tortious injury in this Commonwealth by an act or omission outside this Commonwealth.

Plaintiffs have alleged in their Complaints that the Association and its members concealed and misrepresented the facts concerning the dangers of lead exposure. The Association's actions included those Pennsylvania contacts described above as well as numerous activities outside Pennsylvania including sponsoring studies and publishing reports. There is ample evidence of such events to support personal jurisdiction on these grounds.

■ Even if the Long Arm Statute is satisfied, any assertion of personal jurisdiction must also satisfy constitutional due process guarantees. Critical to this analysis is whether the defendant "purposefully availed" itself of conducting business in Pennsylvania. This test is intended to protect a non-resident defendant from jurisdiction based solely on random, fortuitous or attenuated contacts, or the unilateral activity of another party or third person. As stated in *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985):

Jurisdiction is proper, however, where the contacts proximately result from action by the defendant himself that create a "substantial connection" with the forum State. Thus where the defendant "deliberately" has engaged or has cre-ated *"continuing obligations" between himself and resident of the forum, ...* he manifestly has availed himself of the privilege of conducting business there, and because his activities are shielded by "the benefits and protections" of the forum's laws it is presumptively not unreasonable to require him to submit to the burdens of litigation in that forum as well.

(emphasis added). Here the defendant enjoys longstanding relationships with several Pennsylvania entities who comprise a significant percentage of defendant's membership and pay a proportional share of dues. Defendant apparently has no territorial limitation on membership and voluntarily accepted these Pennsylvania entities as members. Defendant has also voluntarily appeared in the forum on a number of occasions as described above in order to fulfill its purpose as representative of its members' interests. The evidence presented clearly establishes that defendant has purposefully availed itself of the benefits of this forum, both through longstanding relationships with residents of the forum and through various contacts to further its purposes over the years.

We find considerable support in a very similar case concerning another trade association. *Arnstein v. Manufacturing Chemists Association, Inc.,* 414 F.Supp. 12 (E.D.Pa.1976). There plaintiff's decedent contracted cancer and died, allegedly as a result of exposure to excessive amounts of vinyl chloride. Plaintiff charged the trade association with concealing information concerning the dangers of exposure to this chemical. On a motion to dismiss the trial court concluded that assertion of personal jurisdiction over this defendant was consistent with the Pa. Long Arm Statute and due process considerations because: 10% of its members were Pennsylvania residents; those members paid significant dues; Pennsylvania residents employed by Pennsylvania members served as officers and committeemen; the association held meetings in Pennsylvania; the association communicated with its members and published materials which were distributed to mem-

bers and non-members in Pennsylvania. These facts are strikingly similar to those present here as described above. In contrast, see *Skinner v. Flymo, Inc.*, 351 Pa. Super. 234, 505 A.2d 616 (1986) (trade association with no Pennsylvania contacts other than one non-manufacturing member not subject to jurisdiction in Pennsylvania).

Portions of defendant's brief may be read as attacking the substance of plaintiffs' claim, but it appears that such a challenge is premature. See, *Arnstein*, 414 F.Supp. at 14–15. Although we do not address defendant's substantive arguments at this time, they may be renewed later in this litigation by a properly supported motion for summary judgment.

For the reasons stated, defendant Lead Industries Association's motion to dismiss for lack of personal jurisdiction will be denied.